### SCHEUER et al. v. ROSENBAUM et al.

(Supreme Court, Appellate Term. December 31, 1900.)

1. SALES—DELIVERY—COMPLAINT—ALLEGATIONS.

Where plaintiffs' complaint alleged that defendants contracted for a delivery of goods to them by plaintiffs, to be made by September 25th, and that on such date plaintiffs tendered delivery, there was a sufficient allegation of performance on the part of plaintiffs.

2. TRIAL—QUESTION FOR JURY.

Where the issue was whether plaintiffs had delivered goods to defendants on the day required by the contract, and the only evidence was the testimony of a witness, who stated he offered the goods on that day, and later stated he offered them on a subsequent day, a finding that they were delivered on the agreed day was error, since the question was for the jury.

3. SAME—ISSUE NOT PLEADED.

Where defendants claimed that goods had not been delivered to them on the day plaintiffs had contracted to deliver them, it was error to submit the case to the jury on the theory that performance as to time had been waived, no waiver having been pleaded.

4. COMPLAINT—MOTION TO DISMISS—AMENDMENT.

An amendment of plaintiffs' complaint, conforming the same to the proofs, would not be allowed after appeal from a judgment in favor of plaintiffs, a motion to dismiss having been made at the close of the evidence.

Appeal from city court of New York, general term.

Action by Max Scheuer and others against Selig Rosenbaum and another. From an order of the general term (65 N. Y. Supp. 664) affirming a judgment in favor of the plaintiffs, and denying a new trial defendants appeal. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Rose & Putzel, for appellants.
L. Hess, for respondents.

PER CURIAM. Plaintiffs in their complaint allege that defendants contracted for a "delivery to be made by September 25th," and that plaintiffs, "upon the 25th day of September, * * * tendered * * * delivery." In substance, plaintiffs allege performance on their part. The only evidence as to delivery is that of the witness McMahon, called by the plaintiffs, who testifies that he offered the goods on the 25th of September, and that the offer was made after Dewey Day, the 29th. The evidence of the witness Cadwalder is not as to delivery, but merely as to sending the goods out for delivery. The case should not have been submitted to the jury upon the evidence as to delivery on the 25th. As a finding that there was a delivery on the 25th was not warranted by the evidence, there was no preponderance of evidence that way.

The case should not have been submitted to the jury upon the theory of a waiver of performance as to time, as no waiver had been pleaded.

If an amendment conforming the pleadings to the proof were otherwise proper, it should not now be made, in view of the fact that a motion to dismiss was made at the close of the evidence.

The question asked by the counsel for the defendants, after the denial of his motion, was, in our opinion, an inquiry for information, and in no sense a request or acquiescence.

The judgments and orders are reversed, and a new trial is ordered, with costs to the appellants to abide the event.