### SCHEUER et al. v. ROSENBAUM et al.

(Supreme Court, Appellate Term. May 15, 1908.)

SALES—DELIVERY OF GOODS—EVIDENCE.

In an action to recover the contract price of certain goods manufactured by plaintiffs for defendants, the issue being whether plaintiffs delivered the goods to defendants on the day required by the contract, the first witness' testimony, though somewhat indefinite as to whether

he offered the goods on the required day or on a subsequent day, tended to show that the offer was on the required day. The second witness testified that on such day he helped the first witness place the goods on the first witness' wagon, and the first witness swore that he tendered the goods at defendants' place of business on the day the second witness helped him put them in the wagon. *Held*, that the evidence was sufficient to support a verdict for plaintiffs.

Appeal from City Court of New York, Trial Term.

Action by Max Scheuer and others against Selig Rosenbaum and another. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Rose & Putzel, for appellants.
Louis Hess, for respondents.

GIEGERICH, J. The action was brought to recover the contract price of certain purses manufactured by the plaintiffs for the defendants. The only question in the case is whether the goods were delivered or properly tendered for delivery on September 25, 1899, which was the date fixed in the contract for delivery.

The action was tried once before, and at that time also resulted in a judgment in favor of the plaintiffs; but that judgment was reversed by this court (33 Misc. Rep. 768, 67 N. Y. Supp. 936) upon the ground that the only evidence as to delivery was that of the witness McMahon, who testified that he offered the goods on the 25th day of September and that such offer was made after Dewey Day, the 29th—the court observing that a finding that there was a delivery on the 25th was not warranted by the evidence. In the present case there is not only the testimony of the witness McMahon, who seems to be somewhat clearer on the point of the date than he was on the former trial, but also the testimony of the witness Cadwallader, who swears that he helped McMahon place the goods on McMahon's wagon on the 25th day of September. In addition to this McMahon swears that he tendered the goods at the defendants' place of business on the day Mr. Cadwallader helped him put them on the truck. I am of the opinion that the evidence was sufficient to support the verdict of the jury, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.